**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Omar Alvarez Acuna,<br><br>    Plaintiff,<br><br>vs.<br><br>Fireside Thrift Co., Inc.;<br>Ezra T. Clark III;<br>Commissioner David Anderson;<br>Judge Frank Galati,<br><br>    Defendants. | No. CV-05-3876-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) the State Defendants' Motion to Dismiss (doc. 9); (2) the Defendants' Motion to Dismiss Fireside and Clark (docs. 12, 13); and (3) the Defendants' Motion to Strike Portions of the Plaintiff's Opposition to Defendants' Motion to Dismiss Fireside and Clark (doc. 27). The Court now rules on the motions.

I.    Background

On or about October 3, 2003, Luis Omar Alvarez Acuna ("the Plaintiff") and Defendant Fireside Thrift Co., Inc. ("Defendant Fireside") entered into a "Motor Vehicle Retail Sales Contract Agreement." On April 21, 2003, the Plaintiff fled a lawsuit in Maricopa County Superior Court (No. 2003-cv-007572) against Defendant Fireside. Defendant Fireside was represented in that action by attorney Ezra Clark ("Defendant Clark"). Various portions of the Superior Court proceedings were presided over by Commissioner David Anderson and Judge Frank Galati ("the State Defendants").

On October 24, 2003, the Superior Court granted Defendant Fireside leave to file and serve an amended answer and counterclaim. The Plaintiff appealed the Superior Court's order on November 3, 2003. On March 25, 2004, the Arizona Court of Appeals dismissed the Plaintiff's appeal on the ground that it was not a final appealable order.[1]

On April 8, 2004, the Superior Court entered judgment against the Plaintiff and in favor of Defendant Fireside. As a result of the unfavorable decisions entered against him in the Superior Court lawsuit, on December 2, 2005, the Plaintiff, appearing *pro se*, filed this action against Defendant Fireside, Defendant Clark, and the State Defendants.

The Plaintiff's Complaint alleges that the Defendants conspired to discriminate against him because of his Hispanic origin and that they violated his due process rights. The Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and state-law fraud claims. The Plaintiff also seeks injunctive relief against discrimination "in places of public accommodation" pursuant to §§ 201, 202, 203, and 207 of Title II of the Civil Rights Act of 1964. The Plaintiff's Complaint asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as pendant jurisdiction over the state-law fraud claims.

On February 7, 2006, the State Defendants filed a motion to dismiss. On February 22, 2006, Defendants Fireside and Clark filed duplicate motions to dismiss. On March 10, 2006, Defendants Fireside and Clark filed a Motion to Strike.

The Court heard oral argument on the pending motions on April 24, 2006. At the hearing on April 24, 2006, the Court asked the parties to discuss why the Court should not dismiss this case pursuant to the *Rooker-Feldman*[2] doctrine. The parties had an opportunity

---

[1] On December 28, 2004, the Arizona Supreme Court denied review.

[2] The *Rooker-Feldman* doctrine states that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Manufactured Home Cmty. Inc.* v. *City of San Jose,* 420 F.3d 1022, 1029 (9th Cir. 2005); *see also District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923).

1  to address this argument as well as those presented in their pleadings.[3]

2  II.     Legal Analysis and Conclusion

3  A court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim so long as the Court gives the Plaintiff notice and some opportunity to respond. *Sparling v. Hoffman Const. Co. Inc.,* 864 F.2d 635, 638 (9th Cir. 1988) (citations omitted); *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987) (a trial court may dismiss a claim *sua sponte* under Fed. R. Civ. Pro. 12(b)(6) and such a dismissal may be made without notice where the claimant cannot possibly win relief).

The Plaintiff's claims all stem from his dissatisfaction with the Superior Court case between the Plaintiff and Defendant Fireside. The Plaintiff contends that this the Superior Court case is "merely a vehicle" for his federal court claims, not an appeal of the Superior Court's rulings. However, the Plaintiff's claims require this Court to evaluate the legitimacy of the Superior Court's conduct regarding its grant of Defendant Fireside's motion and the subsequent entry of judgment against the Plaintiff. Thus, this action, regardless of what the Plaintiff titles his claims, is a *de facto* appeal of those rulings.

Under what has come to be known as the *Rooker-Feldman* doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state court judgments. *Lance v. Dennis,* 126 S.Ct. 1198, 1200-01, ___ S.Ct. ___, ___ (2006); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923). This Court does not have subject matter jurisdiction to hear an appeal from the final judgments of a state court. *Manufactured Home Cmty.,* 420 F.3d 1022, 1029 (9th Cir. 2005).

Although the Plaintiff does not directly appeal from the Superior Court, his claims are

---

[3] The State Defendants agreed with the Court that *Rooker-Feldman* precludes this Court from exercising jurisdiction. After listening to counsel for the State Defendants, the remaining defendants agreed that *Rooker-Feldman* applies because the Plaintiff's claims require this Court to review and pass judgment on the Superior Court's final decisions. The Plaintiff took no position on the applicability of *Rooker-Feldman* to this case, except to note that he had not intended to directly appeal the Superior Court decisions.

1  "inextricably intertwined" with final Superior Court decisions that the Plaintiff is dissatisfied
2  with. Thus, this case falls within the jurisdictional bar of *Rooker-Feldman*. *See Bianchi v.*
3  *Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). To the extent that the relief sought by the
4  Plaintiff's claims require this Court to reconsider or overrule the prior final decisions of the
5  Superior Court, the Plaintiff's claims are dismissed for lack of subject matter jurisdiction.
6  Alternatively, the Court finds that dismissal under Federal Rule of Civil Procedure 12(b)(6)
7  is proper for the following reasons.

8  A complaint is properly dismissed under Rule 12(b)(6) when it is "beyond doubt" that
9  the plaintiff cannot set forth any facts which would entitle it to relief. Fed. R. Civ. P.
10 12(b)(6); *Osborne v. Dist. Attorney's Office,* 423 F.3d 1050, 1052 (9th Cir. 2005). In making
11 this determination, the complaint is liberally construed in the plaintiff's favor and all material
12 facts alleged therein are taken as true. *Gila River Indian Cmty. v. Waddell,* 967 F.2d 1404,
13 1412 (9th Cir. 1992); *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir. 1983).

14 A Rule 12(b)(6) dismissal must be based on either: (1) the lack of a cognizable legal
15 theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica*
16 *Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,*
17 749 F.2d 530, 534 (9th Cir. 1984). Leave to amend should be granted unless it appears
18 beyond doubt that there are "no set of facts" which would entitle the party to relief under the
19 asserted claim. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see also*
20 *Balistreri,* 901 F.2d at 701. Additionally, *pro se* litigants are entitled to a statement of the
21 grounds for dismissal and an opportunity to amend the complaint unless it appears that the
22 deficiency cannot be overcome by amendment. *James v. Giles,* 221 F.3d 1074, 1077 (9th
23 Cir. 2000).

24     A.     The State Defendants' Motion to Dismiss

25 The State Defendants allege that the Plaintiff in this case has failed to allege a
26 cognizable legal theory. Specifically, the Defendants argue that: (1) the Defendants are
27 protected from suit by judicial immunity; and (2) the Plaintiff's state-law claims are barred
28 because he failed to file the requisite notice of claim.

1            1.     Judicial Immunity

2    The State Defendants argue they are entitled to judgment as a matter of law because the State Defendants, both of whom are undisputedly members of the judiciary, are immune from suit for judicial acts taken during the course of the Superior Court lawsuit involving the Plaintiff and Defendant Fireside.

Judges are entitled to immunity from actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991). Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages. *Id.* A judge is not deprived of immunity because he takes actions which are erroneous, malicious, or in excess of his authority. *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity applies no matter how erroneous the judicial act may have been, or how injurious the consequences are to the plaintiff. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 500 (1985) (internal citations and quotations omitted). The rationale for the broad scope of judicial immunity is that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability. *Meek,* 183 F.3d at 965. As illustrated by the above discussion, it is well settled that judges are "generally immune from civil liability," including liability for civil rights actions. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104 (1978); *Meek,* 183 F.3d at 965.

There are only two sets of circumstances where judicial immunity is overcome: (1) a judge is not immune from liability for non-judicial action; and (2) a judge is not immune for actions taken in the "clear absence" of all jurisdiction. *Mireles,* 502 U.S. at 10, 112 S.Ct. at 288. The term "jurisdiction" should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

The Plaintiff, who is Hispanic, alleges that the Defendants "conspired" with Defendant Fireside because of his race, color, or national origin, to deprive the Plaintiff of his civil rights by allowing Defendant Fireside to file a Counterclaim and by issuing various other

- 5 -

1  adverse rulings against the Plaintiff. The Plaintiff makes numerous allegations, some
2  incoherent, about the Defendants' motives. But the essence of his claim is that the
3  Defendants actions in presiding over and issuing rulings in the Superior Court proceedings
4  are not judicial acts entitled to protection because the Defendants conspired to violate his
5  civil rights.

6  A conspiracy to deprive a litigant of his civil rights is not a "function normally
7  performed by a judge." *Stump,* 435 U.S. at 362, 98 S.Ct. at 1108. If the inquiry was this
8  broad, then any act or mistake of a judge in excess of his authority would become a "non-
9  judicial act," because an improper or erroneous act cannot be said to be normally performed
10 by a judge. *Mireles,* 502 U.S. at 12, 112 S.Ct. at 288. The inquiry, however, is not this
11 broad. A judicial act "does not become less judicial by virtue of an allegation of malice or
12 corruption of motive." *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 544 (1988).

13 The relevant inquiry is the "nature" and "function" of the act, not the "act itself."
14 *Mireles,* 502 U.S. at 13, 112 S.Ct. at 288. Here, the nature and function of the acts performed
15 by the Defendants were presiding over the Superior Court proceedings and issuing various
16 rulings. Even assuming the acts alleged had the effect of depriving the Plaintiff of his civil
17 rights, they were still "judicial" in nature. The actions of the Defendants in this case, as a
18 matter of law, are judicial in nature. Therefore, the first exception to judicial immunity
19 (liability for non-judicial acts) is clearly inapplicable to this case.

20 The Plaintiff cites a Supreme Court case for the proposition that the Defendants in this
21 case are not entitled to judicial immunity, presumably because the Plaintiff has asserted a
22 claim for declaratory relief. In *Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1981
23 (1984), a divided Supreme Court held that, in 29 U.S.C. § 1983 action, judicial immunity did
24 not prohibit declaratory or injunctive relief against a judicial officer acting in his or her
25 judicial capacity. However, this decision has been subsequently superceded by statute.
26 Pub.L. No. 104-317, 110 Stat. 3847, 3853 (Oct. 19, 1996). In 1996, Congress enacted the
27 Federal Courts Improvement Act of 1996 which amended 42 U.S.C. § 1983 as follows:
28       (c) CIVIL ACTION FOR DEPRIVATION OF RIGHTS.--Section 1979 of the

> Revised Statutes (42 U.S.C. 1983) is amended by inserting before the period at the end of the first sentence: ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

*Id.* The Senate report indicates that the amendment fully "restores the doctrine of judicial immunity to the status it occupied prior to *Pulliam*" because *Pulliam* created a departure from "400 years of common law tradition and weakened judicial immunity protections." S. Rep. 104-366, at 36-37, 1996 U.S.C.C.A.N. 4202, 4216-17. And indeed, as a result of this amendment, section 1983 now reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.** For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

28 U.S.C. § 1983 (emphasis added). Thus, if a defendant can successfully assert judicial immunity from damages, that immunity will also bar declaratory and injunctive relief. *See, e.g., Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987). In other words, judicial immunity is not limited to immunity from damages, it also extends to actions for declaratory, injunctive, and other equitable relief. *Id.*

The Plaintiff also argues that judicial immunity does not apply in this case because the alleged acts were undertaken in the "complete absence of jurisdiction. The Plaintiff contends that the Defendants lacked jurisdiction because the Defendants "did not follow the law." (Plaintiff's Opposition p. 3). As noted above, judicial immunity extends to judicial acts even if the judge failed to follow the law, or made a mistake of law. *Cleavinger,* 474 U.S. at 199-200, 106 S.Ct. at 500. Such judicial mistakes or wrongs are open to correction through ordinary mechanisms of review. *Forrester,* 484 U.S. at 227, 108 S.Ct. at 544.

- 7 -

1  The necessary inquiry is whether, at the time the Defendants took the challenged acts, they had jurisdiction over the subject matter before them. *Stump,* 435 U.S. at 356, 98 S.Ct. at 1104-05. There is simply no support for the Plaintiff's conclusion that the State Defendants in this case were acting without such jurisdiction.

Subject matter jurisdiction is merely the power of a court to hear and determine cases of the general class to which the particular proceedings belong. *In re Marriage of Dorman,* 198 Ariz. 298, 301, 9 P.3d 329, 332 (Ct. App. 2000). The Arizona Superior Court is a court of general jurisdiction. The case in question alleged various state-law claims. The State Defendants were not clearly outside the scope of their jurisdiction by ruling on the motions before them. *Collister v. Inter-State Fidelity Bldg. & Loan Ass'n of Utah,* 44 Ariz. 427, 439, 38 P.2d 626, 630 (1934) (the test of a superior court's jurisdiction in any particular case is whether or not the tribunal has power to enter upon the inquiry, not whether its conclusion in the course of the inquiry is right or wrong).

Even assuming that the facts alleged by the Plaintiff are true, and the Defendants' rulings were contrary to law or resulted in the deprivation of his civil rights, this does not deprive the Superior Court of subject matter jurisdiction. The Plaintiffs' Superior Court case was properly before them.[4] Judicial immunity applies no matter how erroneous the judicial act may have been, or how injurious the consequences are to the plaintiff. *Cleavinger,* 474 U.S. at 199-200, 106 S.Ct. at 500. The "clear absence of all jurisdiction" exception to absolute immunity does not apply in this case.

The State Defendants' Motion to Dismiss is granted on the ground that the State Defendants are absolutely immune from suit. Alternatively, the Court finds as follows.

2. Plaintiff's Failure to File a Notice of Claim

The State Defendants argue that even taking the allegations in the Plaintiff's Complaint as true, they are entitled to judgment as a matter of law on the state-law tort claims because the Plaintiff failed to comply with the notice-of-claim provision in A.R.S.

---

[4] The Plaintiff makes no argument to the contrary.

- 8 -

§ 12-821.01.

A.R.S. § 12-821.01 requires persons who have claims against a public entity or a public employee to file a notice of claim with the person authorized to accept service within 180 days after the cause of action accrues. Any claim which is not filed within 180 days after the cause of action accrues "is barred and no action may be maintained thereon." *Stulce v. Salt River Project Agr. Imp. and Power Dist.,* 197 Ariz. 87, 90, 3 P.3d 1007, 1010 (Ct. App. 2000). When a federal court exercises pendent jurisdiction over state-law claims, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a [s]tate court [c]ase." *Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 2313 (1988). Accordingly, federal courts entertaining state-law claims against state entities are obligated to apply the state-law notice-of-claim provision. *Id.*

The Plaintiff's state-law tort claims (fraud) are based on the Plaintiff's allegations that the State Defendants failed to comply with an obligation to exercise "reasonable judicial adjudications" and not to enter "unreasonable dismissal of claims" or to "fail to treat the Plaintiff alike, as such as another person, only because the Plaintiff's race, color, and national origin."[5] (Plaintiff's Complaint p. 15). Thus, the claims arise out of the adverse rulings against the Plaintiff in the Superior Court proceedings. Judgment was entered against the Plaintiff in the Superior Court action on April 8, 2004. The Plaintiff filed his Complaint in this Court on December 2, 2005, well outside the 180-day time limit.

The Plaintiff's Complaint does not allege that he filed the requisite notice of claim within the applicable 180-day time limit, or that the Plaintiff has ever filed the requisite notice of claim. Similarly, the Plaintiff's Response to the State Defendants' Motion for Judgment on the Pleadings does not deny that the Plaintiff failed to filed the notice of claim or that the time limit has expired.

---

[5] The Court fails to see how any of these allegations state a claim for fraud under the Arizona statutes cited by the Plaintiff. However, because the claims can be dismissed on several other grounds the Court need not reach this issue.

- 9 -

1  Because the Plaintiff failed to file a notice of claim, even assuming the State
2  Defendants did not have absolute immunity, the State Defendants would be entitled to
3  dismissal of the Plaintiff's state-law tort claims. *Nelson,* 143 F.3d at 1200.

4       B.     Motion to Dismiss Defendants Fireside and Clark

5  As a preliminary matter, the Court will address the Defendants' Motion to Strike. The
6  Defendants argue that, pursuant to Federal Rule of Civil Procedure 12(f), the Court should
7  strike various portions of the Plaintiff's Response to their Motion to Dismiss.

8  Federal Rule of Civil Procedure 12(f) provides, in relevant part, that this Court "may
9  order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous
10 matter."  The Defendants bear the burden of persuading this Court that the specified
11 statements should be stricken. *S.E.C. v. Sands,* 902 F.Supp. 1149, 1167 (C.D. Cal. 1985) (the
12 burden is on the moving party).

13 Rule 12(f) motions to strike are disfavored unless it is clear that the matter to be
14 stricken could have no possible bearing on the subject matter of the litigation, *U.S. v. Wang,*
15 404 F.Supp.2d 1155, 1157 (N.D. Cal. 1995); *Naton v. Bank of Cal.,* 72 F.R.D. 550, 551 n.
16 4 (N.D. Cal.1976) (citing 2A J. Moore, Federal Practice ¶ 12.21[2] at 2429 (2d ed.1975)),
17 or where it can be shown that failure to strike the statements at issue would prejudice the
18 moving party. *See, e.g., Loughrey v. Landon,* 381 F.Supp. 884, 888 (E.D. Pa.1974). Even
19 where the content is within the categories set forth in Rule 12(f), a motion to strike the
20 material is typically denied unless prejudice will result from the challenged allegations.
21 *Rawson v. Sears Roebuck and Co.*, 585 F.Supp. 1393, 1397 (D. Colo. 1984) (quoting Wright
22 & Miller, Federal Practice and Procedure: Civil § 1382 at 810-811 (1969)).

23 Here, the Defendants move to strike allegations that the Defendants made various
24 statements regarding the Plaintiff's national origin, race, heritage, and English speaking
25 abilities on the basis that the statements are "false, untrue, and unsupported." Allegations
26 that statements opposing a motion to dismiss are false and lack evidentiary support are not
27 sufficient grounds for granting a 12(f) Motion to Strike. The argument that the Plaintiff's
28 allegations are untruthful is a factual challenge. It is not the province of this Court to

1 consider factual disputes when deciding a 12(b)(6) motion to dismiss. Rather, the court must
2 accept the facts in the Plaintiff's Complaint as true and construe them in the light most
3 favorable to the Plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Gila River Indian*
4 *Cmty. v. Waddell,* 967 F.2d 1404, 1412 (9th Cir. 1992). Additionally, the Plaintiff does not
5 have any burden to produce documents in support of his factual allegations. Whether or not
6 the Plaintiff can ultimately prevail on his claims is irrelevant to this Court's consideration of
7 a 12(b)(6) motion to dismiss. Fed. R. Civ. P. 8; *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246,
8 248 (9th Cir. 1997).

9 The Defendants also argue that the statements should be stricken because they are
10 *"per se* defamatory," and "outrageous." Persons making allegedly defamatory statements in
11 connection with a judicial proceeding are protected "so long as such statements bear some
12 relationship to the proceeding." *See, e.g., Ashton-Blair v. Merrill,* 187 Ariz. 315, 317, 928
13 P.2d 1244, 1246 (Ct. App. 1997). The Plaintiff's Complaint alleges civil rights violations
14 based on his Hispanic origin. Allegations that the Defendants made racially inappropriate
15 comments during the course of the Superior Court proceedings bear some relationship to the
16 Plaintiff's Complaint. Additionally, the Plaintiff made the allegations in direct response to
17 the Defendants' 12(b)(6) Motion to Dismiss arguing that the Plaintiff failed to allege
18 adequate facts to support his claims.

19 Regardless of whether the statements ultimately prove to be false, the assertions made
20 in the Plaintiff's Opposition to the Defendants' Motion to Dismiss are not defamatory even
21 though they might be defamatory if published in other contexts. *Ashton-Blair,* 187 Ariz. at
22 317, 928 P.2d at 1246. In light of the allegations made in the Plaintiff's Complaint, the
23 Defendants' request that the Court strike portions of the Plaintiff's Opposition in Response
24 to the Defendants' Motion to Dismiss is unpersuasive. The Defendants have failed to show
25 that the statements alleged by the Plaintiff have no relationship to the litigation at hand and/or
26 are so prejudicial to the Defendants that they should be stricken pursuant to Rule 12(f). The
27 Defendants' Motion to Strike is denied.

28 The Court will now address the merits of the Defendants' Motion to Dismiss. The

Plaintiff's Complaint alleges that the Defendants discriminated against him because of his Hispanic origin and that they violated his due process rights. The Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and state-law fraud claims. The Plaintiff also seeks injunctive relief against discrimination "in places of public accommodation." Defendants Fireside and Clark allege both that the Plaintiff's Complaint fails to allege a cognizable legal theory and that the Plaintiff's Complaint fails to allege facts that are sufficient to state a cognizable claim.

Specifically, the Defendants argue that: (1) Defendant Clark cannot be held liable under 42 U.S.C. §§ 1981-1988; (2) the Plaintiff's due process, Title II of the 1964 Civil Rights Act (discrimination "in places of public accommodation" pursuant to §§ 201, 202, 203, and 207), and 42 U.S.C. § 1983 claims fail to state the requisite element of state action; (3) the Plaintiff's state-law fraud claims are barred by the relevant statute of limitations; (4) 42 U.S.C. § 1988 is remedial and does not provide a separate cause of action; (5) the Defendants are not a "place of public accommodation" for purposes of Title II of the 1964 Civil Rights Act; (6) the Plaintiff failed to exhaust his administrative remedies; (7) the Plaintiff cannot allege facts supporting a claim under 42 U.S.C. §§ 1981, 1985, and 1986; and (8) the doctrine of *res judicata* bars the Plaintiff's fraud claims.

In support of their Motion to Dismiss, Defendants Fireside and Clark have attached documents, namely: (1) an April 12, 2004, Superior Court order granting default judgment against the Plaintiff; (2); a March 25, 2004, Court of Appeals order dismissing the Plaintiff's appeal of the Superior Court's order granting Defendant Fireside leave to file an amended answer and counterclaim; (3) a December 28, 2004, Arizona Supreme Court order denying the Plaintiff's Petition for Review; and (4) the Plaintiff's Superior Court Complaint and attachments. The Plaintiff's Opposition to the Defendants' Motion to Dismiss attaches: (1) the Superior Court's October 24, 2003, order granting Defendant Fireside Leave to file an amended answer and counterclaim; (2) the Plaintiff's November 3, 2003, notice of appeal; and (3) the April 12, 2004, Superior Court order granting default judgment against the Plaintiff.

Absent specific exceptions, the Court will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). Rule 12(b)(6) provides that when matters *outside* the complaint are considered by the court on a motion to dismiss, the motion should be treated as one for summary judgment. Fed. R. Civ. P. 12(b)(6); *San Pedro Hotel Co., Inc. v. City of L.A.,* 159 F.3d 470, 477 (9th Cir. 1998). Therefore, a party's attachment of documents to its pleadings in some cases will require the court to convert the motion to dismiss into one for summary judgment. *Id.*

This rule does not apply when the attached materials are of the sort which the court may take judicial notice. *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994). A court may properly consider matters of public record, including court orders and pleadings in related or underlying cases which have a direct relation to the matters at issue. *Barron,* 13 F.3d at 1385 n.2 (citing 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357). Similarly, a court may consider documents attached to the complaint, or documents incorporated by reference in the complaint, without converting the motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *Id.*

None of the parties in this case have submitted a separate statement of facts, or applied the relevant legal standard, therefore, the Court declines to convert this into a Rule 56 Motion for Summary Judgment. The Court will consider only those exhibits that are allowed under Fed. R. Civ. P. 12(b)(6).

      1.    Claims Requiring State Actors (Due Process, 42 U.S.C. § 1983, Title II of the 1964 Civil Rights Act)

The Plaintiff has alleged claims under various sections of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et. seq.* State action is a requisite element of sections 201 (discrimination is supported by state action within the meaning of this sub-chapter if it "(1)

- 13 -

is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or (3) is required by action of the State or political subdivision") and 202 ("persons shall be entitled to be free . . . from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a [s]tate or any agency or political subdivision thereof").  42 U.S.C. §§ 2000a, 2000a-1. Sections 203 (prohibiting deprivation of or interference with assertion of rights asserted under section 2000a or 2000a-1 ), and 207 (providing federal jurisdiction and exclusivity of remedies) do not support a cause of action in the absence of an action under sections 201 or 202.  42 U.S.C. §§ 2000a-2, 2000a-6.

The Plaintiff's Complaint also alleges violations of his due process and 42 U.S.C. § 1983 rights.  State-action is an essential element of a due process claim.  *DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003 (1989) ("nothing in the language of the Due Process Clause itself requires the [s]tate to protect the life, liberty, and property of its citizens against invasion by private actors"); *Blum v. Yaretsky.* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2784 (1982) (the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful").  In cases under § 1983, the Supreme Court has consistently treated the "under-color-of-state-law" element as the same thing as the "state-action" requirement under the Fourteenth Amendment." *United States v. Price,* 383 U.S. 787, 794, n. 7, 86 S.Ct. 1152, 1157 n.7 (1966).  Like the state-action requirement of the Fourteenth Amendment, the "under-color-of-state-law" element of 42 U.S.C. § 1983 excludes "merely private conduct, however discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 984 (1999) (internal citation omitted).

The Plaintiff has not, and cannot, set forth any facts showing that Defendant Clark (an attorney in private practice), or Defendant Fireside (a non-governmental financial corporation in California) acted with the requisite state-action and/or under-color-of-state-law element(s).

There is not such a "close nexus between the State and the challenged action" in this case that "seemingly private behavior" may be fairly treated as actions of the State itself. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001).

Accordingly, the Plaintiff's 42 U.S.C. § 1983, due process, and sections 201, 202, 203, and 207 of Title II of the Civil Rights Act of 1964 (discrimination in a place of public accommodation) are dismissed in their entirety. To the extent that the Plaintiff may be attempting to allege any claims under the Fifth[6] or Seventh[7] Amendments, they are also dismissed for failure to allege the requisite state-action.

### 2. State-Law Claims.

The Plaintiff's Complaint, in a rather convoluted manner, alleges state-law claims for fraud. The Plaintiff alleges that because the purchase and finance agreement between the Plaintiff and Defendant Fireside violates Ariz. Rev. Stat. Ann. ("A.R.S") §§ 44-291, 44-1202, 44-1797.05, and 44-1794.06, Defendant Fireside's actions constitute fraud. The statute of limitations for common law fraud is three years. A.R.S. § 12-543(3). The statute of limitations for consumer fraud[8] is one year. *Murry v. W. Am. Mortgage Co.,* 124 Ariz. 387, 390, 604 P.2d 651, 654 (Ct. App. 1979). The statute of limitations applicable to A.R.S. §§ 44-291, 44-1202, 44-1797.05, and 44-1794.06 is also one year. A.R.S. § 12-541(5).

The Plaintiff's Complaint and his Response in Opposition to the Defendants' Motion

---

[6] The Plaintiff's Complaint cites the Fifth Amendment under his due process claim. The Fifth Amendment's protections only apply to State conduct and, therefore, require state-action. *See, e.g., Int'l Olympic Committee v. San Francisco Arts & Athletics*, 781 F.2d 733, 736 (9th Cir. 1986).

[7] The Plaintiff's Complaint cites the Seventh Amendment right to a jury trial under his due process claim. Because the ability to empanel a jury lies solely with the court system, the Plaintiff cannot sue a private actor for an alleged violation of the Seventh Amendment's guarantee of a right to trial by jury.

[8] Arizona's Consumer Fraud Act, A.R.S. § 44-1521 *et. seq.* The Plaintiff only generally alleged a claim of fraud. Out of an abundance of caution, the Court will also include a potential claim of consumer fraud in its analysis.

to Dismiss states that the agreement between the Plaintiff and Defendant Fireside took place on October 3, 2002. This lawsuit was filed on December 2, 2005, well outside the applicable statutes of limitations periods. The Court finds that the Plaintiff's claims for fraud, or all other claims under A.R.S. §§ 44-291, 44-1202, 44-1797.05, and 44-1794.06 are time-barred.

The Defendants' Motion to Dismiss is granted with respect to the state-law fraud claims, and any claims asserted under A.R.S. §§ 44-291, 44-1202, 44-1797.05, and 44-1794.06.[9]

3. Claims Remaining Against Defendants Clark and Fireside (42 U.S.C. §§ 1981, 1985, 1986, and 1988).

The Defendants argue that the Plaintiff has failed to allege sufficient facts to state cognizable claims under 42 U.S.C. §§ 1981 and 1985. The Federal Rules of Civil Procedure only require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The factual allegations set forth in the Plaintiff's Complaint are sufficient so long as they put the Defendants on notice as to: (1) what the Plaintiff's claims are; and (2) the grounds upon which the claims rest. *Marino v. Classic Auto Refinishing, Inc.* 37 F.3d 1354, 1357 (9th Cir. 1994) (the purpose of notice pleading requirement is to give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests).

A claim of intentional discrimination under § 1981 requires allegations that the Plaintiff: (1) is a member of a protected class; (2) attempted to contract for certain services; (3) was denied the right to contract for those services; and (4) either was deprived of services while similarly situated persons outside the protected class were not, or received services in

---

[9] The Plaintiff does not allege any claims of common law or consumer fraud or violations of A.R.S. §§ 44-291, 44-1202, 44-1797.05, and 44-1794.06 against Defendant Clark arising from Defendant Clark's representation of Defendant Fireside in the Superior Court lawsuit. Assuming the Plaintiff had intended to attempt to state a claim for fraud as against Defendant Clark, the complete absence in the Plaintiff's Complaint of any facts alerting Defendant Clark to the possibility of such claims, or the conduct giving rise to such claims, fails to satisfy even the basic requirements of notice pleading. Accordingly, to the extent that the Plaintiff had intended to allege such claims against Defendant Clark, they are dismissed as well.

- 16 -

1  a markedly hostile manner and in a manner which a reasonable person would find objectively
2  discriminatory. *Lindsey v. SLT L.A., LLC,* 432 F.3d 954, 959 (9th Cir.2005) (adapting the
3  prima facie elements to claims of racial discrimination in non-employment situations).

4        A claim under § 1985 requires allegations of: (1) a conspiracy; (2) for the purpose of
5  depriving a person of equal protection or the equal privileges of the law; (3) an act in
6  furtherance of the conspiracy; and (4) a deprivation of a right or privilege of United States
7  citizenship, or injury to the person or his property. *Sever v. Alaska Pulp Corp.,* 978 F.2d
8  1529, 1536 (9th Cir. 1992). The deprivation must be motivated by race or other class-based
9  animus. *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989).

10        The Plaintiff's Complaint contains only the allegation that there was a conspiracy
11  between the Defendants to deprive the Plaintiff of his civil rights because he is Hispanic.
12  The Plaintiff does not state what the Defendants did to deprive the Plaintiff, because he is
13  Hispanic, of equal protection or privilege or immunity under the law. Aside from the fact
14  that the Plaintiff is Hispanic, and the Superior Court case he filed against Defendant Fireside
15  resulted in adverse rulings against him, the Plaintiff does not allege any facts suggesting that
16  he suffered an injury as a result of intentional discrimination due to his race or national
17  origin.

18        Apparently, the Plaintiff believes that the Court's rulings against him indicate the
19  existence of some sort of conspiracy between the Superior Court and the other Defendants
20  to deprive him of his rights. However, when asked the Plaintiff was not able to state any
21  facts underlying the alleged conspiracy. The plaintiff must at least set forth enough details
22  so as to provide defendant and the court with a fair idea of the basis of the complaint and the
23  legal grounds claimed for recovery. *In re Acequia, Inc.,* 34 F.3d 800, 814 (9th Cir.1994).

24        On April 24, 2006, the Court attempted to get the Plaintiff to clarify his §§ 1981 and
25  1985 claims against the Defendants. When asked specifically what the Defendants did to
26  deprive him of his civil rights, the Plaintiff stated that the Defendants "conspired" against
27  him. When asked what the Defendants did to conspire against the Plaintiff, the Plaintiff
28  recounted events with Defendant Fireside that led to the Superior Court lawsuit between the

Plaintiff and Defendant Fireside.

The Court pointed out that the Plaintiff's dispute with Defendant Fireside had already been litigated, and cannot be re-litigated here. The Plaintiff agreed that the Superior Court case "is dead," and stated that he was not attempting to revive those allegations. The Court asked the Plaintiff what other facts give rise to his claims of discrimination, and the Plaintiff went on to talk about how the Superior Court granted the Defendant leave to file an amended complaint and counterclaim and eventually entered judgment against him.

As noted above, the *Rooker-Feldman* doctrine precludes this Court from reviewing state court decisions. In order to state a claim, the Plaintiff's section 1983 and 1985 claims must be based on facts that do not require this Court to act as an appellate court with respect to the Superior Court's decisions. It appears from the face of the Complaint, and after further discussion with the Plaintiff at oral argument, that the sole grounds for the Plaintiff's conspiracy and deprivation of civil rights claims are: (1) conduct between Defendant Fireside and the Plaintiff that has already been litigated by the Superior Court;[10] and (2) Superior Court decisions resulting from that lawsuit. None of these allegations state a cognizable claim for relief. The Plaintiff's 42 U.S.C. §§ 1981 and 1985 claims are dismissed. *See Conley,* 355 U.S. at 45-46 (holding that dismissal is proper if there are no set of facts which would entitle the plaintiff to relief under the asserted claim).

---

[10] The Defendants argue, and this Court agrees that re-litigation of any such claims would be precluded by the doctrine of *res judicata.* The doctrine of *res judicata* "protects litigants from the burden of relitigating an identical issue" and "promotes judicial economy by preventing needless litigation." *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999). The doctrine precludes a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Id.*; *see also e.g., In re General Adjudication of All Rights to Use Water In Gila River System and Source,* 212 Ariz. 64, 69, 127 P.3d 882,887 (2006) ("the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them ... as to every matter which was offered and received to sustain or defeat the claim or demand") (internal quotation omitted).

Liability under the statute authorizing a cause of action for conspiracy to interfere with civil rights is a predicate to liability under the statute authorizing an action for neglect to prevent such a conspiracy. *Porter v. Selsky,* 287 F.Supp.2d 180, 186 (W.D.N.Y. 2003). In other words, § 1986 conspiracy claims are derivative of § 1985 violations. *Wilson v. Moore,* 270 F.Supp.2d 1328, 1354 (N.D. Fla. 2003). Because Plaintiff's § 1985 claim has been dismissed, he cannot state a claim under § 1986. *Porter,* 287 F.Supp.2d at 186. Accordingly, the Plaintiff's § 1986 claim is dismissed.

Section 1988 authorizes attorney's fees as part of remedy for violations of civil rights statutes. 42 U.S.C. § 1988. However, it does not create an independent right of action. *Moor v. Alameda County,* 93 S.Ct. 1785, 1792, 411 U.S. 693, 702 (1973). Therefore, because the Plaintiff's other civil rights claims have been dismissed, the § 1988 claim must also be dismissed.

The Court has dismissed all of the Plaintiff's claims on the grounds set forth above, therefore, it declines to address the alternate theories of dismissal raised by the Defendants.

///

1  Accordingly,

2  IT IS ORDERED the State Defendants' Motion to Dismiss (doc. 9) is GRANTED.

3  IT IS FURTHER ORDERED the Clerk of the Court shall enter judgment in favor of
4  Defendants David Anderson and Frank Galati.

5  IT IS FURTHER ORDERED DENYING the Defendants' Motion to Strike the
6  Plaintiff's Response (doc. 27).

7  IT IS FURTHER ORDERED GRANTING the Defendants' Motion to Dismiss
8  Fireside and Clark (docs. 12 and 13).

9  IT IS FURTHER ORDERED the Clerk of the Court shall enter judgment in favor of
10 Defendants Fireside Thrift Co. and Ezra T. Clark.

11  DATED this 11th day of May, 2006.

_____
James A. Teilborg
United States District Judge